## SAUNDERS v. KIDMAN.

No. 4860.   Decided January 29, 1930.   (284 P. 997.)

*Fonnesbeck & Nelson,* of Logan, for appellant.

*Le Roy B. Young,* of Ogden, for respondent.

CHERRY, C. J.

The plaintiff bought a farm from the defendant for $6,000. When the bargain was struck, there was a cabin worth $40 on the farm which the defendant's brother had erected pursuant to an agreement with the defendant (not known by plaintiff) that he might remove it. After defendant had bound himself to sell, but before a deed for the farm to the plaintiff, the defendant's brother removed the cabin. The plaintiff, knowing of the removal, accepted the deed and paid for the farm, not waiving his claim for the cabin. He later sued the defendant, and got a judgment for $40, from which the defendant appeals.

The trial court found that the cabin was annexed to and a part of the farm, and therefore a fixture, but that, on account of the agreement between defendant and his brother, it was, as between them, the personal property of the latter. As to the plaintiff, however, it was a part of the farm which the defendant agreed to convey to the plaintiff.

The record on appeal consists of the pleadings, findings, and judgment. The evidence is not brought up. The judgment is challenged as being contrary to law and the facts

as found by the court. The particular assignments are that the cabin was erroneously found to be a fixture, that the defendant cannot be held liable because he did not remove the cabin, and that the plaintiff, by accepting the deed and paying the purchase price with knowledge of the previous removal of the cabin, waived his claim. Another objection argued but not assigned is that the complaint does not state a cause of action.

The appeal must fail. The finding that the cabin was a fixture is express, and is presumed to rest upon sufficient evidence. The theory upon which the judgment is sustained is that the defendant contracted to sell and convey to the plaintiff the farm with the cabin on it, and failed to do so, in which case it is immaterial who removed the cabin before the transfer. And the finding of the court that the plaintiff accepted the deed and paid the purchase price without waiving his claim for the cabin must be sustained because the question of waiver depends upon the intention of the parties to be deduced from the evidence. The acceptance of the deed and payment of the purchase price do not necessarily establish waiver. The finding is not bad on its face, and we must presume that it was based on proper evidence.

The objection to the sufficiency of the complaint goes to an allegation that the cabin was removed after the plaintiff had obtained title to the property. A demurrer to the complaint appears to have been filed and waived and an answer filed setting up the fact that the removal was before the transfer of title to the farm. Upon these pleadings the case was tried, and the judgment rendered. Under the circumstances we think the pleadings support the judgment.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.